NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

PAUL SGRO, PETITIONER, v. B. W. MAHER, RESPONDENT.

**Petitioner was Employed in and Around a Greenhouse—Injury the Result of a Fall in Greenhouse—Petitioner Alleged That He Slipped on a Step Entering the Greenhouse—Evidence to Show That He Fell While Talking to Another Person— Personal Examination Revealed That There Were No Steps as Petitioner Alleged—Petitioner Has Not Established His Case.**

On determination and finding of facts and rule for judgment.

\*　　\*　　\*　　\*　　\*　　\*　　\*

I, having heard the testimony adduced, do hereby determine and find as follows:

1. That Paul Sgro was, on September 16th, 1925, in the employ of B. W. Maher, the respondent, as a laborer or gardener, which employment was subject to the compensation section of chapter 96, laws of 1911, and the supplements and amendments thereto.

2. That on the aforesaid day, the petitioner had occasion to go into a greenhouse owned by a party named Matovski, for the purpose of delivering a plant owned by the respondent, to the said greenhouse. While in the said greenhouse, the petitioner fell to the floor thereof and sustained injuries for which he seeks in this proceeding to recover compensation against the respondent. On the vital question of what caused the petitioner to fall, there was a sharp conflict. The petitioner testified that he was carrying a large plant into the greenhouse, and while going down certain steps from the door of the greenhouse to the floor thereof, he slipped and fell. The respondent produced a witness named James Hughes, however, who was entirely disinterested and brought to court under subpœna. Hughes testified that just before the petitioner fell, he, Hughes, was walking up the path that led to the door of the greenhouse, and saw the petitioner inside the

greenhouse through the open doorway, talking to Mrs. Matovski.. As the witness, Hughes, approached nearer, and while still looking at the petitioner, who was standing engaged in his conversation, the petitioner suddenly fell over backwards and struck his head upon the floor. Hughes immediately went to his assistance as Mrs. Matovski, being a woman not well herself, was unable to render aid. Hughes saw that the petitioner's tongue was out between his teeth and he was groaning. The witness, Hughes, further testified that there was not, in fact, any steps from the entrance to the greenhouse to the floor of the greenhouse. The witness, Mrs. Matovski, was not produced, apparently, because her ill condition prevented her production. The veracity of the petitioner under cross-examination was discredited to some extent. In order to satisfy myself as to the actual physical conditions at the place where the accident occurred, I personally viewed the greenhouse and the entrance thereto, and found that there is, in fact, no steps, as described by the petitioner, but on the contrary, the entrance is as described by the witness, Hughes.

3. The burden of proof is on the petitioner to satisfy the court that the injuries sustained by the petitioner resulted from an accident. It is his burden to establish this by the greater weight of the evidence before he is entitled to recover. In this case, after carefully weighing the testimony, I find that the petitioner has not established by the greater weight of the evidence his injuries resulted from an accident, and that he was not injured in the manner he describes. Having failed to establish his right to compensation by the degree of proof prescribed by law as stated above, I am compelled to dismiss his petition for that reason.

It is therefore, on this 30th day of March, 1927, ordered, adjudged and decreed that the petition of the petitioner be and the same hereby is dismissed and for nothing holden.

W. E. STUBBS,
*Deputy Commissioner.*